ORR *et al. v.* JAMES, clerk, etc.

HILL, J. 1. An election was held in Brantley County on June 21, 1923, to determine the question of removal of the county-site of Brantley County from Hoboken, which election resulted favorably to the removal of the county-site. The General Assembly passed an act approved August 16, 1923, providing for the removal of the county-site of Brantley County from Hoboken to Nahunta, in which act it was recited that an election was "duly and legally held in Brantley County" on the above-named date, to pass upon the question of removal of the county-site from Hoboken, and that at the election two thirds of the qualified voters voting thereat cast their ballots in favor of the removal of the county-site from Hoboken. *Held,* that the act of August 16, 1923 (Acts 1923, p. 216), providing for the removal of the county-site of Brantley County from Hoboken to Nahunta does not violate the constitution, art. 11, sec. 1, par. 4 (Civil Code of 1910, § 6597), which provides that "No county-site shall be changed or removed, except by a two-thirds vote of the qualified voters of the county, voting at an election held for that purpose, and a two-thirds vote of the General Assembly," for any reason assigned.

2. Neither is the act of 1923, supra, removing the county-site of Brantley County, obnoxious to art. 1, sec. 1, par. 23, of the constitution (Civil Code of 1910, § 6379), which provides that "The legislative, judicial, and executive powers shall forever remain separate and distinct, and no person discharging the duties of one shall at the same time exercise the functions of either of the others," the determination of the state of facts recited in the preamble of said act being a legislative, rather than a judicial function. *Bachlott* v. *Buie,* 158 *Ga.* 705 (124 S. E. 339). *Clements* v. *Bostwick,* 158 *Ga.* 906 (124 S. E. 719).

3. Nor is the act of 1923, supra, obnoxious to art. 6, sec. 1, par. 1, of the constitution (Civil Code of 1910, § 6497), which provides: "The judicial powers of this State shall be vested in a Supreme Court, a Court of Appeals, superior courts, courts of ordinary, justices of the peace, commissioned notaries public, and such other courts as have been or may be established by law," on the ground that the General Assembly of Georgia usurped the powers conferred by this provision of the constitution upon the Supreme Court and the superior court of Brantley County, and undertook to exercise judicial powers conferred upon said courts, by determining the issues and prejudging the action of the courts pending the determination of the action brought against the election managers on account of alleged illegal votes cast in the election for the removal of the county-site of Brantley County. *Bachlott* v. *Buie*, supra.

4. Nor is the act of 1923, supra, void for the reason that it is in conflict with the amendment to the constitution of Georgia which created Brantley County (Acts 1920, pp. 34 to 38), and with that clause in section 1 of said amendment providing that "the county-site of said new county, Brantley, shall be Hoboken, Georgia," for the reason that it seeks to remove by legislative enactment a county-site which has been fixed by the constitution. Art. 11, sec. 1, par. 4, of the constitution of Georgia (Civil Code of 1910, § 6597).

5. Nor is the act of 1923, supra, in conflict with art. 1, sec. 1, par. 2, of the constitution (Civil Code of 1910, § 6358), which provides that "Protection to person and property is the paramount duty of government, and shall be impartial and complete," for the reason assigned that it did not give the citizens and freeholders of Brantley County, who had filed a proceeding contesting the election, the right to have the contest proceeding held and determined by the secretary of State. *Bachlott* v. *Buie*, supra.

6. Nor is the act of 1923, supra, unconstitutional and void and in conflict with art. 11, sec. 1, par. 4, of the constitution (Civil Code of 1910, § 6597) for the reason that an election was held in Brantley County on April 20, 1921, to pass upon the removal of the county-site of Brantley County, and returns of said election were consolidated and the result declared to be against the removal of the county-site and were duly transmitted to the secretary of State, showing the result of said election to be against the removal of the county-site, and are now of file in the office of the secretary of State, and that while a contest of the election held on April 20, 1921, was filed, the contest was voluntarily withdrawn while it was pending before the secretary of State, and no hearing was had on the contest before the secretary of State; and because, under the law as contained in § 486 of the Civil Code of 1910, elections for the removal of county-sites can not be held oftener than once in five years. The power granted to the legislature to pass acts removing county-sites (art. 11, sec. 1, par. 4, of the constitution, Civil Code of 1910, § 6597) can not be limited by act of the legislature so as to bind subsequent legislatures. In this respect one legislature can not bind another legislature. The provision of the Civil Code of 1910, § 486, that elections for the removal of county-sites can not be held oftener than once in five years, is not binding

on subsequent legislatures; and a subsequent legislature would be authorized under the constitution to pass an act removing a county-site, although the election upon which the act was based was held within less than five years from a previous election held for that purpose.

7. Nor is the act of 1923, supra, violative of the due-process clauses of the State and Federal constitutions.

8. Nor is the act of 1923, supra, repugnant to and in violation of art. 1, sec. 4, par. 1, of the constitution (Civil Code of 1910, § 6391), which provides that "Laws of a general nature shall have uniform operation throughout the State, and no special law shall be enacted in any case for which provision has been made by an existing general law." *Clements* v. *Bostwick*, supra.

9. The court did not err in sustaining the general demurrer and in dismissing the petition.

*Judgment affirmed. All the Justices concur, except Russell, C. J., dissenting.*

No. 4233. NOVEMBER 14, 1924.

Petition for mandamus. Before Judge Graham. Ware superior court. February 11, 1924.

*Little, Powell, Smith & Goldstein, Blalock & Blalock, W. A. Wood,* and *S. F. Memory,* for plaintiffs.

*Wilson & Bennett, Parker & Parker,* and *Parks, Reed & Garrett,* for defendant.